**Lewis Roca Rothgerber LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Emily S. Cates (AZ State Bar No. 022703)
Direct Dial: 602.262.5757
Direct Fax: 602.734.3947
E-mail:     ecates@lrrlaw.com

Jaclyn K. Casey (AZ State Bar No. 36768)
Direct Dial: 303.628.9537
Direct Fax: 303.623.9222
E-mail:     jcasey@lrrlaw.com
(*Pro Hac Vice application forthcoming*)

Trevor G. Bartel (State Bar No. 40449)
Direct Dial: 303.628.9591
Direct Fax: 303.623.9222
E-mail:     tbartel@lrrlaw.com
(*Pro Hac Vice application forthcoming*)

Attorneys for Plaintiff Bottom Line Recoveries, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Bottom Line Recoveries, LLC, an Arizona limited liability company, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Lockheed Martin Corporation, a Delaware corporation, | |
| Defendant. | |

Plaintiff Bottom Line Recoveries, LLC ("BLR" or "Plaintiff"), through its undersigned counsel, Lewis Roca Rothgerber LLP, asserts its Complaint and Jury Demand against Defendant Lockheed Martin Corporation ("Lockheed" or "Defendant"), and states as follows:

## PARTIES

1.    Plaintiff Bottom Line Recoveries, LLC is an Arizona limited liability company doing business at 50 W. Sheffield Avenue, Gilbert, Arizona 85233.

2.    BLR is an accounting consultant firm that offers accounting consultant services, account payable auditing, and recovery of account payable mistakes.

4354393_1

3.      Defendant Lockheed Martin Corporation is a Delaware corporation with its headquarters located at 6801 Rockledge Dr., Bethesda, Maryland 20817.

4.      Lockheed is an international research, design, development, and manufacturer of advanced technology systems, products, and services.  Locked is a multi-billion dollar business with operations throughout the United States, including in Arizona.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over the parties, both of which conduct business in Arizona, and subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff BLR and Lockheed and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as BLR performed services for Lockheed from its office in Gilbert, Arizona, Lockheed has caused events and injuries to BLR in Arizona, and the Court has personal jurisdiction over Lockheed.

7.      All conditions precedent to the maintenance of this action have been performed or have otherwise occurred.

## GENERAL ALLEGATIONS

8.      On July 1, 2010, Lockheed and BLR entered into a Services Agreement in which BLR agreed to render certain audit services to Lockheed in exchange for payment. A copy of the Services Agreement is attached hereto as **Exhibit 1**.

9.      The Services Agreement consists of the Agreement, a Pricing Schedule attached to the Services Agreement as Exhibit A, and a Statement of Work attached to the Services Agreement as Exhibit B.  *See* **Exhibit 1**, at § 1 (describing Agreement as consisting of the Services Agreement as well as Exhibits A and B to the Services Agreement).

10.     The Statement of Work defines the tasks and schedules that BLR was required to perform in order to receive compensation.  In particular, the Statement of Work provides that BLR was to "review all paid invoices and related documents relating to

LEWIS ROCA
ROTHGERBER

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

4354393_1

1  [Lockheed's] procurement process in the identification and attempted recovery from

2  [Lockheed's] suppliers of payment errors, including without limitation, returns,

3  overpayments and incorrect deductions."  *See* **Exhibit 1**, at Ex. B, § 1.2.

4      11.    In order to effectuate the terms of the Services Agreement, the Statement of

5  Work created a claim and credit recovery process, by which BLR would identify

6  opportunities for Lockheed to recover credits, overpayments, or other payment errors from

7  its various vendors.  That process was intended to work as follows:

8          a.    BLR would review Lockheed's paid vendor invoices and related

9               documentation to identify payment errors for which Lockheed would

10              be entitled to a credit from its vendor.

11         b.    BLR would contact the vendors to confirm the amounts due to

12              Lockheed.

13         c.    For each credit owed, BLR would prepare a "claim for

14              reimbursement" form for Lockheed ("Claim"), which identified the

15              vendor which owed Lockheed the credit, provided specific

16              instructions that Lockheed needed to follow to realize the credit, and

17              included documentation supporting the basis for the credit.  BLR

18              would then submit the Claim to Lockheed for processing.

19         d.    After receiving a Claim from BLR, Lockheed had 30 days to

20              determine if it was invalid and to advise BLR if Lockheed intended to

21              disapprove the Claim.  If Lockheed was going to disapprove a claim,

22              it was required not only to advise BLR, but also, to provide BLR with

23              its rationale for the disapproval.

24         e.    If, however, Lockheed approved the Claim, Lockheed would process

25              the Claim within 30 days.  This typically required Lockheed to enter

26              the forthcoming credit into its account payable system to be deducted

27              from future invoices payable to the vendor subject to the Claim.

28

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

LEWIS ROCA
ROTHGERBER

4354393_1

f.    Lockheed would then advise BLR when it recovered the credit identified in each Claim, which would allow BLR to prepare an invoice for 10% of the amount recovered.  BLR would provide its invoices to Lockheed, to be paid within 60 days.

*See* **Exhibit 1**, at Ex. B §§ 3.5.1, 3.7.

12.    The Services Agreement provides that BLR is entitled to "a flat 10% contingency rate for all claims recovered during the course of the Lockheed Martin Corporation's 2010 accounts payable audit."  *See* **Exhibit 1**, at Ex. A.

13.    Finally, the Services Agreement provides that the contract is governed by Maryland law but does not require disputes regarding the same to be resolved in a specific venue. *See* **Exhibit 1**, § 10.

### BLR's Performance

14.    After entering into the Services Agreement, BLR performed the audit work outlined therein.  BLR allocated three full time employees to the Lockheed audit who spent more than a year performing the tasks required by the Services Agreement.

15.    As a result of the audit, BLR identified 492 Claims, comprised of 4,342 separate parts, for which Lockheed was entitled to be reimbursed from its various vendors a total of $27,173,863.60, and for which BLR, in turn, was entitled to be paid $2,717,386.36 as its 10% contingency fee.

16.    To BLR's knowledge, of those 492 Claims, Lockheed processed 400 to completion and it realized credits or refunds from the vendors identified in those 400 Claims in excess of $12 million.

### Lockheed's Failure to Pay for Invoiced Claims

17.    Despite BLR's full performance pursuant to the terms of the Services Agreement, Lockheed has failed to fully pay BLR for its services, including all outstanding invoices.  After Lockheed confirmed that it had recovered all credits associated with Cuming Microwave Corp., Steico Industries, Orcon Corporation, WG Henschen Company, Arnold Engineering, and Dow Key Microwave, BLR issued Invoice

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

LEWIS ROCA
ROTHGERBER

4354393_1

15B to Lockheed in the amount of $11,924.36 for its 10% contingency fee, which was due for payment on October 19, 2011.  A copy of the October 19, 2011 Invoice is attached hereto as **Exhibit 2**.

18.    Lockheed, however, remitted only $6,466.21 to BLR for payment of Invoice 15B and has refused to remit a full payment for the remaining amount owed.

### Lockheed's Failure to Pay BLR for Other Claims

19.    Of the original 492 Claims identified by BLR through its audit and pursuant to the Services Agreement, the 92 outstanding Claims represent $15,051,624.60 in savings/credits to Lockheed, and so $1,505,162.46 in fees to BLR for its 10% contingency fee.  But Lockheed has failed or refused to timely process or disapprove these claims, either in whole or in part, within 30 days and despite the clear requirements of the Services Agreement.  They have also refused to process them after receiving several demand letters and communications from BLR.

20.    Among them, the six largest Claims are as follows:

a.    <u>GE Aircraft Engines</u>:  BLR submitted this Claim, totaling $5,153,838.06, to Lockheed on October 6, 2010.  GE approved the credits for deduction by Lockheed and further indicated its desire to have the credits quickly resolved.  Lockheed, however, has failed or refused to process or disapprove this Claim.

b.    <u>Eaton Corporation</u>:  BLR submitted this Claim, totaling $2,167,208.73, to Lockheed on September 28, 2010.  BLR provided Lockheed with specific instructions for how to realize the credits, but Lockheed has failed or refused to process or disapprove this Claim.

c.    <u>Hamilton Sundstrand/Kidde</u>:  BLR submitted this Claim, totaling $1,848,479.03, to Lockheed on May 3, 2011.  Hamilton identified specific outstanding invoices against which Lockheed was entitled to take the $1.8 million in credits and BLR provided Lockheed specific

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

LEWIS ROCA
ROTHGERBER

4354393_1

instructions on how to take those credits.  Lockheed, however, has failed or refused to process or disapprove this Claim.

d.     <u>Oracle America/Sun Microsystems</u>:  BLR submitted this Claim, which consisted of 127 parts (as identified by BLR on the Open Credits Report submitted with the Claim letter) and totaled $1,466,946.37 in credits, to Lockheed on August 20, 2010.  Lockheed recovered $255,880.43 in credits on this Claim for the first 55 parts and paid BLR $25,588.01.  Lockheed, however, has failed or refused to process or disapprove the remaining 72 parts, worth $1,211,065.94 in credits to Lockheed.

e.     <u>Defense Logistics Agency</u>:  BLR submitted this Claim, totaling $938,666.95, to Lockheed on January 14, 2011.  BLR then supplied Lockheed with information about the credits available to Lockheed. Lockheed, however, once again has failed or refused to process or disapprove this Claim.

f.     <u>ATK Space Systems, Inc.</u>:  BLR submitted this Claim, totaling $835,084.10, to Lockheed on September 20, 2010.  ATK approved the credits for deduction and Lockheed subsequently recovered $243,069.04 in credits from ATK and paid BLR $24,306.91. Lockheed, however, has failed or refused to process the remaining parts of this claim worth $592,015.06.

21.     The six Claims identified above represent only the largest of the outstanding 92 Claims for which BLR is owed its fees.  Based on these six claims alone, Lockheed owes BLR over $1 million in fees.  The remaining 86 Claims total several hundreds of thousands of dollars more in fees owed to BLR and are specifically identified in the Outstanding Claims Chart attached hereto as **Exhibit 3**.

22.     Prior to initiating this suit, BLR sent Lockheed several demand letters seeking payment for its services relating to these Claims.  Despite demand, Lockheed

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

LEWIS ROCA
ROTHGERBER

4354393_1

failed to remit the required payments and therefore has failed to comply with the terms of the Services Agreement.

23.   On September 5, 2013, the parties executed a Tolling Agreement whereby all applicable statutes of limitations, statutes of repose, or other time bar defenses as to any and all claims relating to the Services Agreement would be tolled through February 28, 2014.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

24.   Plaintiff re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

25.   Plaintiff and Defendant entered into a binding agreement, as evidenced by the Services Agreement.

26.   Plaintiff fully performed pursuant to the terms of the Services Agreement by performing the audit work outlined therein.

27.   Despite Plaintiff's full performance, Defendant has failed to satisfy its obligations under the Services Agreement by failing to process Claims presented by Plaintiff and by failing to remit payment to Plaintiff in connection with those Claims.

28.   Further, Defendant unilaterally prevented Plaintiff from recovering under the Services Agreement and exercised its discretion in a way that violated Plaintiff's reasonable expectations in the Services Agreement.

29.   Defendant's material breaches have caused Plaintiff damages in an amount to be determined at trial, but no less than $1,511,628.67.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

30.   Plaintiff re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

31.   Plaintiff conferred a benefit upon Defendant in the form of certain audit services, which entitled Defendant to recover millions of dollars.

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

LEWIS ROCA
ROTHGERBER

4354393_1

32.    It is unjust to allow Defendant to benefit from Plaintiff's work without providing consideration.

33.    Accordingly, Plaintiff is entitled to damages in an amount to be determined at trial, but no less than $1,511,628.67.

## DEMAND FOR JURY ON ALL ISSUES SO TRIABLE

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff BLR demands a trial by jury.

## REQUEST FOR RELIEF

Plaintiff BLR requests the following relief against Defendant Lockheed:

A.    Judgment in its favor and against Defendant Lockheed Martin Corporation;

B.    Compensatory damages of at least $1,511,628.67, to be determined at trial;

C.    Pre-judgment and post-judgment interest;

D.    To the extent authorized by law, attorneys' fees, costs, and expenses incurred in bringing this action, including under A.R.S. §§ 12-341, 12-349 and any other applicable laws, including under Arizona or Maryland law;

E.    For attorneys' fees and costs in the event of default; and

F.    For such other and further relief that the Court deems just and proper.

DATED this 5th day of March, 2014.

LEWIS ROCA ROTHGERBER LLP


By: */s/ Emily S. Cates*
    Emily S. Cates
    Jaclyn K. Casey
    (*Pro Hac Vice application forthcoming*)
    Trevor G. Bartel
    (*Pro Hac Vice application forthcoming*)
    *Attorneys for Plaintiff Bottom Line Recoveries, LLC*

40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429

LEWIS ROCA
ROTHGERBER

4354393_1