**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bottom Line Recoveries LLC, | No. CV-14-00443-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Lockheed Martin Corporation, | |
| Defendant. | |

**I.     Background**

The parties stipulated to and jointly moved the Court for entry of a protective order governing the "handling of documents, testimony, deposition exhibits, discovery responses," and all other discovery materials in this case. (Doc. 40-1 at 1-2). The parties' proposed protective order permitted a party disclosing materials to designate any documents it believed to contain confidential information as confidential, which would subject the receiving party to certain obligations to preserve that confidentiality. (*Id.* at 7). The proposed order would also require any documents referencing confidential information filed with the Court to be filed under seal. (*Id.*)

The Court denied the parties' motion without prejudice, noting that the parties had not cited any authority for the Court entering a global or prospective protective order. (Doc. 41). The Court ordered that any future requests for a protective order pursuant to Federal Rule of Civil Procedure ("Rule") 26(c) be presented to the Court using the procedure required for discovery disputes as outlined in the Court's Rule 16 scheduling order. (*Id.*)

## II. Request for a Protective Order

The parties have notified the Court that they have narrowed the scope of their proposed protective order, classified the subject documents into several groups, and now re-request the Court issue a protective order.

### A. Legal Standard

The Court reminds the parties of the applicable legal standard for obtaining a protective order. Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

## III. Conclusion

The parties wishing to present their request for a protective order to the Court, the Court rules as follows:

**IT IS ORDERED** setting a hearing on the parties' request for a protective order for August 28, 2014 at 10:00 a.m. in Courtroom 503, Fifth Floor, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona, 85003. Counsel for both parties shall appear in person; no telephonic appearances will be permitted.

1       **IT IS FURTHER ORDERED** that the parties shall on or before August 26, 2014 jointly e-mail to the Court a brief, not to exceed ten pages, that:

      1) Describes the documents or groups in a way such that the Court can understand why they deserve protection; **and**

      2) As to each document or group of documents, articulates the specific harm or prejudice that **will** result if a protective order is not granted.

In addition to these points, the parties may include legal argument as necessary.

      Dated this 22nd day of August, 2014.

_____
James A. Teilborg
Senior United States District Judge