WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bottom Line Recoveries LLC, | No. CV-14-00443-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Lockheed Martin Corporation, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Second Claim for Relief (Unjust Enrichment) of Amended Complaint, (Doc. 30). The Court will deny the Motion.

**I.   BACKGROUND**

Plaintiff is an accounting consultant firm that offers services such as account payable auditing and recovery of payable mistakes. (Doc. 1 ¶ 2). Defendant is an international corporation engaged in the research, design, development, and manufacturing of advanced technology systems. (Doc. 1 ¶ 4; Doc. 24 ¶ 4). In July 2010, Plaintiff and Defendant entered into a Services Agreement under which Plaintiff agreed to identify opportunities for Defendant to recover credits, overpayments, and other payment errors made by Defendant's suppliers. (Doc. 32 at 2; Doc. 30 at 1–2). In return, Defendant agreed to pay Plaintiff 10% of the recovered amount. (Doc. 32 at 2; Doc. 30 at 1–2). Both parties agree that the Services Agreement is binding, (Doc. 1 ¶ 25; Doc. 24 ¶ 25), and that disputes arising under the Services Agreement are governed by Maryland

law, (Doc. 1 ¶ 13; Doc. 24 ¶ 13). However, the parties disagree on the number of payment errors that Plaintiff identified and accordingly disagree on the amount Defendant owes Plaintiff. Defendant asserts that it paid Plaintiff 10% of all of the payment errors that Defendant was able to recover. (Doc. 31 at 2). Plaintiff claims that Defendant still owes Plaintiff $1,511,628.67. (Doc. 32 at 2).

On March 5, 2014, Plaintiff filed its Complaint against Defendant asserting two causes of action, breach of contract and unjust enrichment. (Doc. 1). On May 15, 2014, Defendant filed the instant motion requesting the Court to dismiss Plaintiff's unjust enrichment claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 30). Plaintiff responded on May 30, 2014, (Doc. 32), and Defendant filed a reply to Plaintiff's response on June 9, 2013, (Doc. 34).

## II. LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III. ANALYSIS**

**A. Choice of Law**

A federal court sitting in diversity jurisdiction must apply the forum state's choice of law rules to determine the controlling substantive law. *Klaxon v. Stentor Elec. Mfg. Co. Inc.*, 313 U.S. 487, 495–96 (1941); *see Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001). Because Plaintiff filed the Complaint in the District of Arizona, Arizona choice of law rules apply. Under Arizona law, a court will enforce a choice of law provision that the parties have contracted for unless doing so is "contrary to the fundamental policy of a state with a materially greater interest in the issue." *See Landi v. Arkules*, 835 P.2d 458, 462 (Ariz. Ct. App. 1992). Here, the Services Agreement states that all conflicts arising under the Services Agreement are governed by Maryland law. (Doc. 1 ¶ 13; Doc. 24 ¶ 13). While Arizona has an interest in the issue, neither party has objected to using Maryland law and both parties repeatedly refer to Maryland law in the

motion, response, and reply at issue. Accordingly, the Court applies Maryland substantive law.

### B. Unjust Enrichment under Maryland Law

Defendant asserts that Plaintiff's claim for unjust enrichment should be dismissed under Rule 12(b)(6) because both parties agree that a valid contract—the Services Agreement—governs the parties' relationship. (Doc. 30). Accordingly, Defendant concludes that Plaintiff cannot bring an unjust enrichment claim. (*Id.*) Plaintiff argues that its unjust enrichment claim is proper because the Services Agreement "does not fully address a subject matter" relevant to Plaintiff's cause of action. (Doc. 32 at 3). Specifically, Plaintiff contends that it is entitled to bring an unjust enrichment claim as well as its breach of contract claim because it is "quite clear, given the parties' pre-litigation positions that Defendant [will] argue that the Services Agreement [does] not cover some or all of the audit services performed by [Plaintiff]." (*Id.*)

Under Maryland law, unjust enrichment consists of three elements: "(1) a benefit conferred on the defendant by the plaintiff, (2) an appreciation or knowledge of the defendant of the benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007); *see generally Alts. Unlimited, Inc. v. New Baltimore City Bd. of Sch. Comm'rs*, 843 A.2d 252, 300 (Md. Ct. Spec. App. 2004). The absence of a contract is not an element of unjust enrichment. *See generally Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000); *Everhart v. Miles*, 422 A.2d 28, 31 (Md. Ct. Spec. App. 1980).

Here, Plaintiff pleaded all three elements of unjust enrichment. (Doc. 1 ¶ 30–33). Plaintiff also pleaded facts that support its claim for unjust enrichment. Specifically, Plaintiff pleaded that (1) it spent over a year providing audit services for Defendant and identified 492 claims for which Defendant was entitled to recovery (Doc. 1 ¶ 14–15); (2) Defendant acknowledged that Plaintiff preformed audit services, but only paid Plaintiff

for 400 of the claims Plaintiff identified (*Id.* at ¶ 17–19); and (3) it would be unjust for Defendant to retain the benefit of Plaintiff's audit services without paying for them (*Id.* at ¶ 19–21). In deciding a 12(b)(6) motion to dismiss for failure to state a claim, the Court must construe all facts in the light most favorable to the plaintiff. At this stage in the litigation it is unclear whether the Services Agreement addresses all of the services Plaintiff provided. Moreover, because Plaintiff is not required to plead the absence of a contract, Plaintiff's claim for unjust enrichment, though improbable, is sufficient to satisfy the pleading requirements of Rule 8(a)(2).

Additionally, Rule 8(d)(3) permits a party to state as many separate claims or defenses regardless of consistency because a party may not be sure in advance which legal theory will succeed. At this stage in the litigation, the Court views the inconsistency between Plaintiff's two claims as permissible under Rule 8(d)(3). Therefore, Plaintiff's claim for unjust enrichment cannot be dismissed for failure to state a claim under Rule 12(b)(6).

## IV.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss Second Claim for Relief (Unjust Enrichment) of Complaint, (Doc. 30), is denied.

Dated this 4th day of December, 2014.

James A. Teilborg
Senior United States District Judge